UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ULISES REYES, on behalf of himself, individually, and on behalf of all others similarly-situated,

Plaintiff,

-against-

MARIO'S PIZZERIA OF E. NORTHPORT CORP., and EAST NORTHPORT HOLDINGS CORP., and CHRISTOPHER SPANOS, individually,

Defendants.

**COMPLAINT**

**Docket No.:** 2:26-cv-5144

Jury Trial Demanded

Plaintiff, ULISES REYES ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against MARIO'S PIZZERIA OF EAST NORTHPORT CORP. ("Mario's"), and EAST NORTHPORT HOLDINGS CORP. ("Northport" and together with Mario's, where appropriate, as "Corporate Defendants"), and CHRISTOPHER SPANOS, individually (together with Corporate Defendants, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit.

12, § 146-1.4; (iii) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, 12 NYCRR § 146-1.6; (iv) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information at the time of hire, NYLL § 195(1); (vi) the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3); (vii) an anti-retaliation provision of the NYLL, NYLL § 215(1); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - two New York corporations that together operate as a single enterprise to run a pizzeria in Suffolk County, and the corporation's agent and day-to-day overseer - - as a non-managerial cook, from in or around March 1, 2023 until on or about October 7, 2025. As described below, throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, Defendants routinely required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours each week, or virtually each week, throughout his employment, but failed to compensate Plaintiff at the statutorily-required overtime rate of one and one-half times his regular rate of pay for the hours that he worked per week in excess of forty. Rather, Defendants paid Plaintiff a flat weekly salary that by operation of law compensated him for only his first forty hours of work each week, and therefore Defendants paid Plaintiff nothing for any of his hours worked in excess of forty each week.

3. Additionally, Defendants further violated the NYLL and/or the NYCRR by failing to provide Plaintiff with: a spread of hours premium of one hour's pay at the minimum wage rate

for those days when Plaintiff's shift exceeded ten hours from beginning to end; any wage statement on each payday, let alone an accurate one; or any wage notice at hire, let alone an accurate one.

4. Defendants paid and treated all of their non-managerial employees in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

7. Making matters worse, after Plaintiff complained to Defendants concerning their failure to pay him all of his earned wages, including overtime at the rate of one and one-half times his regular rate of pay, Defendants retaliated by terminated Plaintiff's employment. Accordingly, on an individual basis only, Plaintiff brings retaliation claims under the FLSA and the NYLL.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

10. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11. At all relevant times herein, Defendant Mario's was and is a New York corporation with its principal place of business located at 311A Larkfield Road, East Northport, New York 11731, and which is registered with the New York State Department of State to receive service of process at 31 Larkfield Drive, East Northport, New York 11731.

12. At all relevant times herein, Defendant Northport was and is a New York corporation with its principal place of business located at 311A Larkfield Road, East Northport, New York 11731, and which is registered with the New York State Department of State to receive service of process at that same address.

13. At all relevant times herein, Defendant Spanos, was and is the managing agent and day-to-day overseer of Corporate Defendants, who in that role personally managed and oversaw, and continues to manage and oversee, the day-to-day operations of the business, and who was and is ultimately responsible for all matters with respect to hiring and firing employees, determining employees' rates and methods of pay, and employees' schedules, including those matters with respect to Plaintiff.

14. At all relevant times herein, Corporate Defendants operated as a single enterprise in that: Defendant Spanos managed, operated, and oversaw the Corporate Defendants; the Corporate Defendants, interchangeably shared employees and equipment such as food, cookware,

and boxes, to carry out the needs of the business; Corporate Defendants' business operated out of a single location at 311A Larkfield Road, East Northport, New York; and the entities are commonly operated and controlled financially by Spanos.

15. At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, Defendants' qualifying annual business exceeded and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees, operate a business that purchases and sells numerous products that have moved across state lines, such as flour, butter, oil, and other ingredients for use in their pizzeria. Defendants also accept payments in cash that naturally moves across state lines and accepts credit cards as a form of payment based on cardholder agreements with out-of-state companies. The combination of all of these factors subjects Defendants to the FLSA's overtime requirements as an enterprise.

**COLLECTIVE ACTION ALLEGATIONS**

16. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants who during the applicable FLSA limitations period performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

17. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section

below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

18. At all relevant times herein, Defendants were aware of the requirement to pay non-exempt employees, including Plaintiff and all FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, Defendants were previously subject to a lawsuit entitled *Garcia et al v. Mario's Pizzeria of E. Northport Corp. et al*, Civil Case No. 2:17-cv-02224-ADS-ARL, filed in this District in 2017, in which the plaintiff made the same allegations as the Plaintiff herein concerning Defendants' violations of the FLSA. Moreover, Plaintiff lodged multiple complaints, specifically to his direct supervisors, as well as Defendant Spanos, that Defendants were not properly compensating him for his hours worked in accordance with the law, but Defendants continued to not pay him for his overtime hours and instead terminated his employment.

19. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

**RULE 23 CLASS ALLEGATIONS**

20. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants have subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

21. Under FRCP 23(b)(3), a plaintiff must plead that:

a. The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and

e. A class action is superior to other methods of adjudication.

22. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial employees, who during the applicable NYLL limitations period, performed any work for Defendants in New York ("Rule 23 Plaintiffs").

Numerosity

23. During the relevant statutory period, Defendants have employed, in total, at least forty employees that are putative members of this class.

Common Questions of Law and/or Fact

24. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendants compensated the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants compensated the Rule 23 Plaintiffs with spread-of-hours pay for those days when their shift exceeded ten hours from beginning until end; (5) whether Defendants furnished the Rule 23

Plaintiffs with a wage statement on each payday that accurately contains the information NYLL § 195(3) requires; (6) whether Defendants maintained and continue to maintain records with respect to each hour that the Rule 23 Plaintiffs worked; (7) whether Defendants have furnished the Rule 23 Plaintiffs with a wage notice at hire that accurately contains the information that NYLL § 195(1) requires; (8) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (9) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (10) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

25. As described in the "Background Facts" section below, Defendants have employed Plaintiff and Rule 23 Plaintiffs as non-managerial employees. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, in excess of forty hours per week, yet Defendants have routinely failed to pay them at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked in a week in excess of forty, and did not pay them spread-of-hours premiums at the required minimum wage rate for each day when their shift exceeded ten hours from beginning to end, while also failing to provide them with an accurate wage statement on each payday or with an accurate wage notice upon hire. Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL to receive overtime wages at the statutorily-required rate of one and one-half times their regular rates of pay for all hours worked each week over forty, and to receive an additional hour's pay when their spread-of-hours exceeds ten in a workday, and to be furnished with an accurate wage statement on each payday and with an accurate wage notice at hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types

of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

26. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for all of his hours worked over forty in a week, and did not provide him with spread-of-hours premiums when his spread-of-hours exceeded ten in a workday, and also did not furnish him with an accurate wage statement on each payday or with an accurate wage notice at his time of hire, which is substantially similar to how Defendants have paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants and thus has no fear of retribution for his testimony. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

27. Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

28. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

29. Any lawsuit brought by any non-managerial employees of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

30. Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

31. Corporate Defendants, as described above, are two legally distinct entities that together operate as a single enterprise to run a Suffolk County based pizzeria, located at 311A Larkfield Road, East Northport, New York.

32. Defendant Spanos is the Corporate Defendants' managing agent and day-to-day overseer, who, in that role, controls the terms and conditions of employment for all of its employees, in that he has and had the ultimate decision making authority over whether to hire and fire all employees, supervise and control employee work schedules, determine the rate and method of wages paid to all employees, and was and is responsible for maintaining employment records. To that end, Spanos ultimately made the decision to hire Plaintiff, set Plaintiff's rate of pay, determine his weekly schedule, the decision to terminate Plaintiff, and should have maintained Plaintiff's employment records.

33. Plaintiff worked for Defendants as a non-managerial cook from in or around March 1, 2023 until on or about October 7, 2025.

34. As a non-managerial cook, Plaintiff's primary job duties consisted of preparing food, ensuring that orders went out in a timely manner, and maintaining the cleanliness of the kitchen.

35. From the beginning of Plaintiff's employment until in or around mid-April 2024, Defendants required Plaintiff to work, and Plaintiff generally did work, six days per week, Monday through Friday, and one day each weekend, from approximately 10:00 a.m. until approximately 9:30 p.m., without any uninterrupted break during each shift, for a total of approximately sixty-nine hours per week. From late-April 2024 through the end of his employment, Defendants required Plaintiff to work, and Plaintiff generally did work, five days per week, Tuesday through Friday, and either Sunday or Monday each week, from approximately 10:00 a.m. until approximately 9:30 p.m., without any uninterrupted break during each shift, for a total of approximately fifty-seven and one-half hours per week

36. Throughout Plaintiff's employment, Defendants paid Plaintiff at a flat weekly salary of $800.00 regardless of the number of hours that he worked. At all times, Plaintiff's weekly salary operated to cover only his first forty hours worked in a week. Thus, at no time during the throughout Plaintiff's employment did Defendants pay Plaintiff at any rate of pay, let alone at the rate of one and one-half times his regular rate of pay, for any hours that he worked over forty in a week. Additionally, Defendants failed to compensate Plaintiff with an additional hour's pay at the applicable minimum wage rate for each day when his spread-of-hours exceeded ten in a work day, which was virtually every workday.

37. By way of example only, for the week of June 9 through June 15, 2023, Defendants required Plaintiff to work, and Plaintiff did work, a total of approximately sixty-nine hours, according to the following schedule, without any uninterrupted breaks, throughout the week:

Friday, June 9, 2023: 10:00 a.m. to 9:30 p.m.;

Saturday, June 10, 2023: 10:00 a.m. to 9:30 p.m.;

Sunday, June 11, 2023: Off;

Monday, June 12, 2023: 10:00 a.m. to 9:30 p.m.;

Tuesday, June 13, 2023: 10:00 a.m. to 9:30 p.m.;

Wednesday, June 14, 2023: 10:00 a.m. to 9:30 p.m.; and

Thursday, June 15, 2023: 10:00 a.m. to 9:30 p.m.

In exchange for his work that week, Defendants paid Plaintiff at his flat weekly salary of $800.00, which covered only his first forty hours of work, and thus Defendants paid Plaintiff nothing for any of the twenty-nine hours that he worked in excess of forty for that week. Additionally, Defendants failed to pay Plaintiff an additional hour's pay at the applicable minimum wage rate that week for each of the six days where his spread-of-hours exceeded ten in a workday.

38. Defendants paid Plaintiff on a weekly basis, with each payment generally being made half by check and half in cash.

39. On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with a wage statement that accurately listed, *inter alia*, his hours worked, his regular and overtime rates of pay, and his regular and overtime wages owed. Defendants' failure to provide Plaintiff with a proper wage statement deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

40. Additionally, at his time of hire, Defendants failed to provide Plaintiff a wage notice that accurately listed, *inter alia*: Plaintiff's regular and overtime rates of pay; whether Plaintiff would be paid by the hour, salary, or in another manner; any allowances claimed; the regular payday designated by Defendants; the name of Defendants; any "doing business as" names used by Defendants; the physical address of Defendants' main office or principal place of business, and a mailing address if different; and Defendants' telephone number. Defendants' failure to provide

Plaintiff with a proper wage notice deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive, and contributed to the underpayment of wages as asserted herein.

41. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

42. Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

43. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

44. Additionally, in and around early-August 2025, Plaintiff specifically complained to Defendants by way of his direct supervisors, as he had on prior occasions, concerning Defendants' failure to properly pay him his wages and overtime, but they dismissed his complaints. Then, in or around early-September 2025, Plaintiff again complained to Defendant Spanos, who replied that Plaintiff should wait because business was slow. On or about October 7, 2025, after waiting a few weeks, Plaintiff again complained to Defendant Spanos about Defendants' failure to properly pay him his wages and overtime. In response, Defendants terminated Plaintiff's employment for his legally-protected complaints.

## <u>FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS</u>
*<u>Unpaid Overtime Under the FLSA</u>*

45. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

47. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

48. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

49. Defendants willfully violated the FLSA.

50. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

51. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

54. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

55. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Violation of the NYCRR's Spread of Hours Requirements*

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. 12 NYCRR § 146-1.6 provides that an employee shall receive one extra hour's pay at the minimum hourly wage rate for any day worked in which the spread-of-hours exceeds ten from beginning to end.

60. As also described above, Defendants failed to provide Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with spread-of-hours pay on each day when their spread-of-hours exceeded ten.

61. As a result, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to recover an hour's pay at the minimum wage rate, for all days during which their spread of hours worked exceeded ten from beginning to end.

62. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYCRR's spread of hours provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

65. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

66. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with a wage statement that accurately contained all of the criteria that the NYLL requires.

67. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that each violation occurred, up to a statutory cap of $5,000.00 per person.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Notice in Violation of the NYLL*

68. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69. NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

70. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

71. As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with a wage notice that accurately contained all of the criteria that the NYLL requires.

72. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after each violation initially occurred, up to a statutory cap of $5,000.00 per person.

**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS**

*Retaliation in Violation of the FLSA*

73. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74. 29 U.S.C. § 215(a)(3) prohibits an employer from discharging or in any other manner discriminating against an employee because such employee has engaged in activity protected under the FLSA.

75. As described above, Defendant is an employer within the meaning of the FLSA while Plaintiff was an employee within the meaning of the FLSA.

76. As also described above, after Plaintiff engaged in activity protected under the FLSA, Defendant retaliated by terminating Plaintiff's employment.

77. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, economic harm, for which she is entitled to an award of monetary damages and other relief.

78. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, depression, humiliation, stress, loss of self-esteem and self-confidence, and other emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

79. Plaintiff is also entitled to punitive damages, liquidated damages, and attorneys' fees for Defendant's violations of the FLSA's anti-retaliation provisions.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS

*Retaliation in Violation of the NYLL*

80. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

81. Section 215(1) of the NYLL prohibits employers from retaliating against an employee because an employee has made a complaint to her employer that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision under or related to the NYLL.

82. As described above, Defendant is an employer within the meaning of the NYLL while Plaintiff was an employee within the meaning of the NYLL.

83. As also described above, after Plaintiff engaged in activity protected under the NYLL, Defendant retaliated by terminating Plaintiff's employment.

84. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, economic harm, for which she is entitled to an award of monetary damages and other relief.

85. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, depression, humiliation,

stress, loss of self-esteem and self-confidence, and other emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

86. Plaintiff is also entitled to punitive damages, liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's anti-retaliation provisions.

87. Pursuant to NYLL § 215(2)(b), contemporaneous with the filing of this Complaint, Plaintiff is serving a Notice of Claim on the Office of the New York State Attorney General, thereby advising the aforementioned of her claim for retaliation under Section 215 of the NYLL.

## DEMAND FOR A JURY TRIAL

88. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely

FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i. Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

j. Granting an award of damages in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages in connection with his retaliation claims, whether legal or equitable in nature, including back pay, front pay, and any other damages for lost compensation or employee benefits that he would have received but for Defendant's unlawful conduct;

k. Granting an award of damages to be determined at trial to compensate Plaintiff for emotional distress and/or mental anguish and/or harm to his professional and personal reputation and loss of career fulfillment in connection with his retaliation claims;

l. Granting an award of punitive damages commensurate with Defendants' ability to pay in connection with Plaintiff's retaliation claims;

m. Awarding pre-judgment and post-judgment interest, as provided by law; and

n. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
August 21, 2026

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 205
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: ______________________________

ANDREW C. WEISS (5560537)
MICHAEL J. BORRELLI (MB 8533)